(Nos. 73721, 74443 cons. )

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. CARETHA RUSSELL, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. TIMOTHY LUNSFORD, Appellee.

*Opinion filed January 20, 1994.*

Roland W. Burris, Attorney General, of Springfield, Robert Haida, State's Attorney, of Belleville, and C. Steve Ferguson, State's Attorney, of Charleston (Norbert J. Goetten, Stephen E. Norris and Gerry R. Arnold, of the Office of the State's Attorneys Appellate Prosecutor, of Mt. Vernon, of counsel), for the People.

Carrie J. Hightman, Stuart I. Graff and Judith M. Feller, of Schiff, Hardin & Waite, and John R. Hammell, Harvey Grossman, Colleen K. Connell, Mathew S. Nosanchuk and Pilar Penn, all of Chicago, for appellee.

James D. Holzhauer, Timothy S. Bishop and Jesse

A. Witten, of Mayer, Brown & Platt, of Chicago, for *amici curiae* American Public Health Association *et al.*

Susan J. Curry and Mark E. Wojcik, of Chicago, for *amicus curiae* AIDS Legal Council of Chicago.

Roland W. Burris, Attorney General, of Springfield, Robert Haida, State's Attorney, of Belleville, and C. Steve Ferguson, State's Attorney, of Charleston (Norbert J. Goetten, Stephen E. Norris and Gerry R. Arnold, of the Office of the State's Attorneys Appellate Prosecutor, of Mt. Vernon, of counsel), for the People.

Gregg W. Bonelli, of Mattoon, and Michael L. Closen, of Chicago, for appellee.

James D. Holzhauer, Timothy S. Bishop and Jesse A. Witten, of Mayer, Brown & Platt, of Chicago, for *amici curiae* American Public Health Association *et al.*

Susan J. Curry and Mark E. Wojcik, of Chicago, for *amicus curiae* AIDS Legal Council of Chicago.

JUSTICE HEIPLE delivered the opinion of the court:

In 1989, the Illinois General Assembly made it a crime for a knowing carrier of the HIV virus to transmit this virus to another person through intimate contact. The stated offense is designated as a Class 2 felony which, though subject to probation, carries a possible sentence of imprisonment from three to seven years. (Ill. Rev. Stat. 1989, ch. 38, par. 12—16.2(a)(1) (now 720 ILCS 5/12—16.2(a)(1) (West 1992)).) We take judicial notice of the fact that the HIV virus is a

precursor to AIDS, a progressive and inevitably fatal disease syndrome. We further take judicial notice of the fact that intimate sexual contact whereby blood or semen of an infected person is transferred to an uninfected person is a primary method of spreading the infection.

The statute is now before us for consideration because two Illinois trial judges in separate criminal proceedings have declared the statute to be unconstitutional, ostensibly on the basis of vagueness. For purposes of appeal, these cases are here consolidated. We reverse and remand.

Neither of the court orders below indicates whether the statute is violative of either the State or Federal Constitutions. No article, section or clause of either constitution is alluded to. It could be the Constitution of the United States. It could be that of Illinois. It could be both. We are left to surmise which constitution or which portion thereof the trial judges may have had in mind.

From the defendants/appellees' briefs, however, we are informed that both the Federal and State Constitutions are allegedly violated by the statute for reasons of free speech and association (U.S. Const., amend. I; Ill. Const. 1970, art. I, §§ 4, 5); and that the statute is so vague as to deny the defendants due process of law. (U.S. Const., amend. V; Ill. Const. 1970, art. I, § 2.) These arguments are without merit.

In one of the cases before us, the criminal complaint charges that the defendant Caretha Russell knew that she was infected with the HIV virus when she engaged in consensual sexual intercourse with Daren Smith without telling Smith of her infection. In the other case, defendant Timothy Lunsford is charged with raping a woman at a time when he knew he was infected with the HIV virus.

Neither the statute nor the cases before us have even

the slightest connection with free speech. Consequently, pursuant to constitutional interpretations of the United States Supreme Court, defendants' overbreadth argument and their argument of facial vagueness are inapplicable. *Bates v. State Bar* (1977), 433 U.S. 350, 380, 53 L. Ed. 2d 810, 833, 97 S. Ct. 2691, 2707; *Smith v. Goguen* (1974), 415 U.S. 566, 39 L. Ed. 2d 605, 94 S. Ct. 1242; *Broadrick v. Oklahoma* (1973), 413 U.S. 601, 611-17, 37 L. Ed. 2d 830, 839-43, 93 S. Ct. 2908, 2915-18; *Grayned v. City of Rockford* (1972), 408 U.S. 104, 33 L. Ed. 2d 222, 92 S. Ct. 2294; *People v. Garrison* (1980), 82 Ill. 2d 444.

Additionally, the defendants' cases do not infringe on any supposed right of intimate association as claimed. In fact, we know of no such right. The facts are that in the first of the two cases, the victim did not know that his sexual partner had HIV. In the second of the two cases, the HIV transmission charge is appendant to a charge of forcible rape. It is preposterous to argue that the statute constitutes a violation of either of the defendants' supposed right to intimate association in these situations. Finally, the vagueness argument is in error both facially and factually. Reference to the specific language of the statute makes this clear.

The subject statute provides in pertinent part:

"Criminal Transmission of HIV. (a) A person commits criminal transmission of HIV when he or she, knowing that he or she is infected with HIV:

(1) engages in intimate contact with another;

\* \* \*

(b) For purposes of this Section:
\*\*\*

'Intimate contact with another' means the exposure of the body of one person to a bodily fluid of another person in a manner that could result in the transmission of HIV." 720 ILCS 5/12—16.2 (West 1992).

Vagueness, like beauty, may be in the eye of the beholder. We, however, read the statute as being sufficiently clear and explicit so that a person of ordinary intelligence need not have to guess at its meaning or application. Also, it provides sufficiently definite standards for law enforcement officers and triers of fact so that its application need not depend merely on their private conceptions. *Smith v. Goguen* (1974), 415 U.S. 566, 39 L. Ed. 2d 605, 94 S. Ct. 1242; *Grayned v. City of Rockford* (1972), 408 U.S. 104, 33 L. Ed. 2d 222, 92 S. Ct. 2294; *Interstate Circuit, Inc. v. City of Dallas* (1968), 390 U.S. 676, 20 L. Ed. 2d 225, 88 S. Ct. 1298.

That the statute might open the innocent conduct of others to possible prosecution is a matter of pure speculation and conjecture which is not before us in these consolidated cases. We are here concerned only with the specific conduct of these defendants and the application of the statute to them. *People v. Garrison* (1980), 82 Ill. 2d 444, 453-57.

For the foregoing reasons, we hold that the statute in question is not violative of either the Illinois or the United States Constitution. Accordingly, we reverse the judgments of the courts below and remand these causes for further proceedings.

*Reversed and remanded.*