The STATE of Ohio, Appellee,

v.

HUTCHINSON, Appellant.

[Cite as *State v. Hutchinson* (1999), 135 Ohio App.3d 459.]

Court of Appeals of Ohio,
Twelfth District, Brown County.

No. CA99–01–001.

Decided Dec. 20, 1999.

*Thomas F. Grennan,* Brown County Prosecuting Attorney, for appellee.

*David H. Bodiker,* State Public Defender, and *Jennifer D. Schaffer,* for appellant.

POWELL, Presiding Judge.

Defendant-appellant, Ronald Brian Hutchinson, appeals from his convictions in the Brown County Court of Common Pleas for attempted rape and attempted aggravated murder. We affirm the decision of the trial court.

On Friday, April 24, 1998, Eura S. and her husband went away for the weekend, after making arrangements to leave their three sons at the home of their uncle, Wil S. When Eura and her husband returned on Sunday, Wil S. and his wife were having a picnic. Eura's sons and some friends of the family were present, as well as appellant. When Eura spoke with her eight-year-old son, J.S., he told her that appellant was gay. Eura, who already knew about appellant's sexual orientation, told her son that he should not judge other people.

After J.S. came home from school on Monday, he again told his mother that appellant was gay, and Eura asked her son why he continued to say that. Upset and crying, J.S. said that on Saturday night, appellant had laid down beside him on the floor and "had pulled his pants down and tried to stick his thing in his

[J.S.'s] butt." When Eura asked J.S. what he meant by "thing," he pointed to his penis.

That night Eura took J.S. to the Brown County Hospital, where J.S. was given a physical examination and was referred to the Brown County Department of Human Services. On Tuesday evening J.S. underwent a physical examination at Children's Hospital in Cincinnati.

Barry Creighton, a criminal investigator for Brown County Department of Human Services who specializes in cases of sexual abuse, interviewed J.S. Creighton then contacted appellant, who agreed to meet with him. When confronted with the allegations against him, appellant admitted that on the night in question he had slept on the floor next to J.S. but denied having sexual intercourse with the boy, saying that because he had AIDS, that would be murder and he would not do that. Appellant also made a statement implying that because he was going to die, there was nothing that anyone could possibly do to punish him.

Appellant was charged with rape and attempted aggravated murder. At his jury trial, appellant stipulated to the fact that he has tested positive for human immunodeficiency virus ("HIV"). As of the date of the trial, J.S. had not tested positive for HIV. At the conclusion of the state's evidence, appellant moved for acquittal under Crim.R. 29(A), arguing that the state had failed to present sufficient evidence to show that appellant had intended to kill, an element of attempted aggravated murder. Appellant's motion was overruled, and appellant was found guilty of attempted rape and attempted aggravated murder. The trial court sentenced appellant to seven years in prison for attempted rape and eight years in prison for attempted aggravated murder, sentences to be served consecutively. Appellant then filed this appeal, raising the following assignment of error.

"The trial court erred in dismissing appellant's motion for acquittal as to the attempted aggravated murder offense, in violation of his due process rights pursuant to the Ohio and federal Constitutions."

In his sole assignment of error, appellant asserts that it was error for the trial court to overrule his motion for acquittal with regard to his attempted aggravated murder charge. Crim.R. 29(A) provides that "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."

An appellate court's review of a ruling on a Crim.R. 29(A) motion must evaluate the sufficiency of the evidence, construing the evidence in a light most favorable to the state. *State v. Dunaway* (Feb. 18, 1997), Butler App. No. CA96-

08–152, unreported, at 3, 1997 WL 71305, citing *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, 503. The appellate court must examine the evidence to determine "whether such evidence, if believed, is sufficient for a reasonable mind to conclude that all elements of the crime have been proven beyond a reasonable doubt." *Id.* at 8, citing *Jenks* at 273, 574 N.E.2d at 503.

Appellant was charged with an attempt crime. R.C. 2923.02(A) defines attempt as the following: "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."

Appellant was charged with attempted aggravated murder, a violation of R.C. 2903.01(B), which states: "No person shall *purposely* cause the death of another or the unlawful termination of another's pregnancy while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit, kidnapping, rape, aggravated arson or arson, aggravated robbery or robbery, aggravated burglary or burglary, or escape." (Emphasis added.)

The *mens rea* of "purposely" is defined in R.C. 2901.22(A):

"A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

Appellant contends that the state failed to present sufficient evidence tending to prove that he possessed the requisite mental state for attempted aggravated murder. Specifically, appellant argues that no inference of intent to kill can be drawn when an individual infected with HIV knowingly exposes another to the risk of HIV infection and the risk of death by Acquired Immune Deficiency Syndrome ("AIDS"). This is a case of first impression in the state of Ohio.[1]

Because appellant was convicted of attempted aggravated murder under R.C. 2903.01(B), the state had to prove that appellant had attempted murder during the commission or attempt of a felony. In this case, the state presented evidence that appellant had raped or attempted to rape J.S. J.S., who was found to be competent to testify, stated that appellant had "pulled down my pants and he stuck his thing [his penis] up my butt." J.S.'s mother testified to the same.

---

1. The Supreme Court of Ohio reviewed a case containing an issue similar to the one *sub judice* but resolved that case without ruling on the issue. In *State v. Bird* (1998), 81 Ohio St.3d 582, 692 N.E.2d 1013, the defendant appealed his conviction for felonious assault with a deadly weapon, which was based on an incident in which defendant, who was infected with HIV, spat in the face of a police officer. The Supreme Court of Ohio stated, "It is unnecessary to decide whether the human immunodeficiency virus may be communicated through saliva and whether saliva may be considered a deadly weapon. By pleading no contest, appellant admitted the truth of the allegations in the indictment." *Id.* at 585, 692 N.E.2d at 1015.

■ J.S.'s statements were supported by medical evidence presented by the state. The state's witness, Dr. Dennis Fitzgerald, the chief resident in emergency at University Hospital and a resident at the Children's Hospital, testified that he had interviewed and examined J.S. Dr. Fitzgerald found that there were two tears in the boy's anal region, as well as evidence of a contusion. The doctor testified that these injuries are indicative of sexual abuse and are consistent with anal penetration. Dr. Mary Patterson, a pediatric emergency medicine physician at Children's Hospital, examined J.S. along with Dr. Fitzgerald and observed the same injuries. Dr. Patterson agreed that the medical findings were consistent with an incident of sexual abuse.

■ Considering this testimony, we find that there was evidence sufficient for a reasonable mind to conclude beyond a reasonable doubt that appellant committed or attempted to commit a rape, which, in this case, is the underlying felony of the attempted aggravated murder offense. Appellant concedes as much in his appeal, as he does not argue that it was error for the trial court to overrule his Crim.R. 29(A) motion with regard to attempted rape. However, appellant argues that the state failed to present sufficient evidence to prove attempted aggravated murder because it failed to prove that appellant intended to kill.

■ The Supreme Court of Ohio has acknowledged that intent is not directly provable by objective evidence, as it lies within the privacy of a person's intimate thoughts. *State v. Garner* (1995), 74 Ohio St.3d 49, 60, 656 N.E.2d 623, 634. Intent " ' "can never be proved by the direct testimony of a third person and it need not be. It must be gathered from the surrounding facts and circumstances * * *." ' " *State v. Lott* (1990), 51 Ohio St.3d 160, 168, 555 N.E.2d 293, 302, quoting *State v. Huffman* (1936), 131 Ohio St. 27, 5 O.O. 325, 1 N.E.2d 313, paragraph four of the syllabus. See, also, *Garner.* When determining intent, "persons are presumed to have intended the natural, reasonable and probable consequences of their voluntary acts." *Garner* at 60, 656 N.E.2d at 634, citing *State v. Carter* (1995), 72 Ohio St.3d 545, 554, 651 N.E.2d 965, 974.

Dr. Siegel, who has completed a fellowship in infectious disease, testified in detail about the HIV virus. He stated that the HIV virus, which is the cause of AIDS, may be transmitted in many ways, and that the highest risk of transmission occurs during anal receptive intercourse. The doctor stated that the risk is even greater when a child is involved. From reviewing appellant's medical records, which indicated that appellant had a CD4 count of 232 on March 20, 1997, Dr. Siegel determined that appellant is HIV positive and either has or is very close to having the AIDS syndrome.

Dr. Siegel testified that if an HIV positive adult male who had the AIDS syndrome were to anally rape a boy so that the boy suffered anal tears and

bruising, this would be a "very, very high risk sexual situation." Adult data estimates that there is about a one in one hundred chance of contracting HIV from unprotected anal receptive intercourse with an HIV infected person. Dr. Siegel stated that the statistical risk of HIV infection is even greater where a child is anally raped by an adult. Dr. Siegel testified that there is no known cure for HIV and that it is fatal. He testified that a person who is HIV positive and possibly suffering from early stages of the AIDS syndrome places others in danger when he has sexual relations; in fact, Dr. Siegel said he would consider such a person's bodily fluids to be a dangerous instrument.

Appellant knew that he was HIV positive and possibly AIDS infected, and he attempted to anally rape an eight-year-old boy. Appellant's deliberate actions put his victim in grave risk of death. Appellant stated that because he had AIDS, having sexual intercourse with the boy would be murder and commented that there was nothing that anyone could possibly do to punish him. Reviewing appellant's actions as well as his words, a reasonable mind could conclude beyond a reasonable doubt that appellant intended to kill.

Therefore, we find that the trial court did not commit error when it overruled appellant's Crim.R. 29(A) motion as it pertained to the offense of attempted aggravated murder. Appellant's assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG and VALEN, JJ., concur.