**STATE of Iowa, Appellee,**

v.

**Justin Auman KEENE, Appellant.**

**No. 00–0643.**

Supreme Court of Iowa.

July 5, 2001.

Linda Del Gallo, State Appellate Defender, and Dennis D. Hendrickson, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Cristen C. Odell, Assistant Attorney General, Fred H. McCaw, County Attorney, and Christine Corken, Assistant County Attorney, for appellee.

CADY, Justice.

This appeal requires us to determine whether our criminal transmission of the human immunodeficiency virus (HIV) statute, Iowa Code section 709C.1(1) (1999),[1] is unconstitutionally vague as applied to the facts of this case. Additionally, we must determine whether a factual basis existed to support a plea of guilty to the charge of criminal transmission of the HIV. We conclude the statute is not unconstitutionally vague and that a factual basis supported the plea of guilty. We affirm the judgment and sentence of the district court.

## I. Background Facts and Proceedings.

Justin Keene was charged by trial information with criminal transmission of the HIV. The charge stemmed from a sexual encounter with a woman we identify as C.J.H. Keene agreed to plead guilty to the crime in exchange for a lenient sentence.

Before accepting Keene's guilty plea, the district court determined that Keene was voluntarily and intelligently entering the plea and that a factual basis existed for the plea.[2] The court relied upon the minutes of testimony and statements made by Keene during the guilty plea proceeding to find a factual basis.

The minutes of testimony included the testimony of C.J.H. C.J.H. has a mental illness and met Keene while she worked at a McDonald's restaurant. They had a brief romance and engaged in consensual, unprotected sexual intercourse on October 9, 1998. C.J.H. was uncertain whether or not Keene ejaculated during the sexual encounter, and was unaware of Keene's HIV status. C.J.H. further stated that Keene accompanied her to Hillcrest Family Services in Dubuque on October 16 for a pregnancy test. During this visit, C.J.H. expressed her desire to conceive a baby with Keene to Hillcrest nurse Kathy Meyer. Keene subsequently questioned Meyer concerning "what having AIDS meant to having a child."

The testimony of Meyer confirmed the October 16 meeting at Hillcrest with C.J.H. and Keene. Meyer reiterated Keene's questions regarding the transmission of the HIV and the potential effects on a baby conceived by an HIV positive parent. Furthermore, Meyer stated C.J.H. appeared surprised when Keene questioned Meyer about the HIV's effect on babies.

The minutes of testimony also included the statements of Dubuque police officer

---

1. The offense of criminal transmission of the HIV was enacted on April 13, 1998. *See* 1998 Iowa Acts ch. 1087, § 7 (codified at Iowa Code § 709C.1 (1999)).

2. Keene does not contend he did not enter the plea voluntarily and intelligently. Thus, we limit our discussion to those facts concerning the factual basis of the plea.

Tom Parker, who investigated the charge against Keene. Keene admitted to Parker that he engaged in consensual, unprotected sexual intercourse with C.J.H. on October 9. Keene believed he did not ejaculate during the October 9 encounter, but if he did ejaculate, he did so only on his or C.J.H.'s stomach. Additionally, Keene acknowledged his visit to Hillcrest with C.J.H. on October 16. Keene further informed Parker that he was infected with the HIV and that he did not notify C.J.H. of the infection prior to engaging in sexual intercourse.

Parker was prepared to additionally testify to his subsequent interview with C.J.H. C.J.H. told Parker she had consensual, unprotected vaginal intercourse with Keene on October 9, but could not recall whether Keene ejaculated during intercourse.

The minutes of testimony also listed Keene's physician, Dr. Jack Stapleton. He would testify to Keene's HIV positive status during October 1998. Kris Keene, Keene's mother, would provide the same testimony. Mary Rose Corrigan, a public health nurse with the Dubuque Health Department, would testify to the risk of exposure to the HIV during sexual contact with an infected individual. Elizabeth Blasen, a co-worker of both C.J.H. and Keene in October 1998, stated she warned C.J.H. of rumors concerning Keene's HIV status. Lastly, Robert Bradfield, Keene's cellmate at the Dubuque County Jail, stated Keene admitted he had unprotected sexual intercourse with C.J.H. without informing her he was HIV positive.

In response to the district court's questions concerning the factual basis of the guilty plea, Keene stated that the witnesses would be telling the truth if they testified according to the minutes of testimony. Although Keene acknowledged that the State could prove the elements of the charge beyond a reasonable doubt, he claimed he never intended to expose C.J.H. to the HIV. However, Keene admitted that he knew he was HIV positive when he had sexual intercourse with C.J.H.

Finding a factual basis, the district court accepted the guilty plea and advised Keene of his right to file a motion in arrest of judgment to challenge the plea. Keene subsequently received a twenty-five year suspended prison sentence and was placed on probation.

Keene appeals. He argues section 709C.1 is unconstitutionally vague. Additionally, he claims his trial counsel was ineffective for permitting him to plead guilty to a charge which lacked a factual basis.

## II. Scope of Review.

We review challenges to the constitutionality of a statute de novo. *State v. Robinson*, 618 N.W.2d 306, 311 (Iowa 2000); *In re Morrow*, 616 N.W.2d 544, 547 (Iowa 2000). Although we ordinarily review challenges to guilty pleas on error, Iowa R.App. P. 4, we review Keene's factual basis challenge de novo as it is raised as an ineffective assistance of counsel claim. *State v. Campbell*, 589 N.W.2d 705, 706 (Iowa 1999).

## III. Preservation of Error.

Keene failed to file a motion in arrest of judgment challenging his guilty plea. *See* Iowa R.Crim. P. 23(3)(a); *Robinson*, 618 N.W.2d at 310. Normally, Keene would be precluded from asserting error on appeal. *See State v. Gant*, 597 N.W.2d 501, 503–04 (Iowa 1999); *State v. Birch*, 306 N.W.2d 781, 783 (Iowa 1981). However, in *State v. Hunter*, 550 N.W.2d 460 (Iowa 1996), we held a guilty plea does not waive an as applied vagueness chal-

lenge.[3] *Hunter,* 550 N.W.2d at 465; *see Robinson,* 618 N.W.2d at 312. We recently disavowed our analysis in *Hunter* and held a guilty plea does waive as applied vagueness claims. *Robinson,* 618 N.W.2d at 312. Notwithstanding, we ruled this precedent would apply only to guilty pleas accepted after the date of the decision. *Id.* at 312–13. Accordingly, because Keene entered his guilty plea prior to the issuance of *Robinson,* he did not waive his vague-as-applied claim.

■ Alternatively, Keene claims his trial counsel was ineffective for permitting him to plead guilty and for failing to file a motion in arrest of judgment challenging the guilty plea. We recognize an ineffective assistance of counsel claim serves as an exception to our error preservation rules. *See Gant,* 597 N.W.2d at 504; *State v. Carter,* 582 N.W.2d 164, 165 (Iowa 1998). Consequently, Keene preserved error on his factual basis claim.

## IV.  Constitutionality of Section 709C.1.

■ We begin our analysis of the challenge to section 709C.1 with the presumption that a statute is constitutional. *State v. White,* 545 N.W.2d 552, 557 (Iowa 1996); *State v. Sylvester,* 516 N.W.2d 845, 849 (Iowa 1994). To overcome this heavy burden, the party challenging the statute must prove beyond a reasonable doubt the statute's unconstitutionality. *Robinson,* 618 N.W.2d at 314; *White,* 545 N.W.2d at 557; *Sylvester,* 516 N.W.2d at 849. To do so, the challenger must refute every rea-

sonable basis upon which the statute could be found to be constitutional. *Robinson,* 618 N.W.2d at 314; *Morrow,* 616 N.W.2d at 547.

■ To withstand a vagueness challenge, a criminal statute must sufficiently define the offense so that ordinary people have fair notice of what type of conduct is prohibited under the statute. *Robinson,* 618 N.W.2d at 314; *State v. Milner,* 571 N.W.2d 7, 14 (Iowa 1997); *Sylvester,* 516 N.W.2d at 849. Moreover, explicit standards protect against arbitrary and discriminatory enforcement by those applying the statute. *Milner,* 571 N.W.2d at 14.

■ However, a statute need not contain express definitions of its terms. *State v. Osmundson,* 546 N.W.2d 907, 909 (Iowa 1996). Fair notice of prohibited conduct is provided "if the meaning of the words used can be fairly ascertained by reference to their ordinary and usual meaning, the dictionary, similar statutes, the common law, or previous judicial determinations." *Id.; see Milner,* 571 N.W.2d at 15. We must give effect to each statutory term, *Osmundson,* 546 N.W.2d at 910, and consider the statute together with the entire statutory scheme to which it belongs. *Robinson,* 618 N.W.2d at 314–15.

Iowa Code section 709C.1 criminalizes the transmission of the HIV. Iowa Code § 709C.1. A person violates section 709C.1 if he "[e]ngages in intimate contact

---

**3.** Although Keene does not specifically label his argument as a vague-as-applied challenge, we treat it as such. Furthermore, we do not address whether section 709C.1 is facially vague, as Keene has not advanced such a claim on appeal. Even if Keene had preserved error on a facial vagueness claim, we would reject the claim for lack of standing. *State v. Robinson,* 618 N.W.2d 306, 311 & n. 1 (Iowa 2000). Because section 709C.1 does not implicate the First Amendment, no exception to the standing requirement can be invoked. *See id.* at 311 n. 1 (statute implicating First Amendment rights qualifies as an exception to the standing requirement); *People v. Russell,* 158 Ill.2d 23, 196 Ill.Dec. 629, 630 N.E.2d 794, 796 (1994) (statute penalizing criminal transmission of the HIV did not implicate First Amendment rights).

with another person" while knowing he is HIV positive. *Id.* § 709C.1(1)(a).[4] Section 709C.2(b) defines intimate contact as "the intentional exposure of the body of one person to a bodily fluid of another person in a manner that *could result* in the transmission of the [HIV]." *Id.* § 709C.1(2)(b) (emphasis added). The person exposed to the HIV need not become infected with the virus in order for the infected person to be prosecuted under this section. *Id.* § 709C.1(4). However, if the exposed person was aware of the infected person's HIV positive status, an affirmative defense exists. *Id.* § 709C.1(5).

Keene claims section 709C.1 is unconstitutionally vague because the term "could result" is not defined in the statute. Keene argues that the meaning of "could" is unclear, and thus he was not fairly warned that his conduct was prohibited by the statute.

We find the statute is sufficiently clear and consequently provides a reasonably intelligent person with fair notice of its meaning. In enacting this statute, the legislature did not intend "could result" to mean "did result." *See id.* § 709C.1(4). Furthermore, "could" is the past tense of "can," which is defined as "[u]sed to indicate possibility or probability." The American Heritage Dictionary 232, 330 (2d college ed.1985). Thus, for a person to be guilty of violating section 709C.1, it must simply be shown that transmission of the HIV from the infected person to the exposed person was *possible* considering the circumstances.

■■■ Over the past decade, our nation's understanding of possible methods of transmitting the HIV has increased dramatically. It is a well-known fact that an infected individual may possibly transmit the HIV through unprotected sexual intercourse with his or her partner. *See State v. Stark*, 66 Wash.App. 423, 832 P.2d 109, 116 (1992). We take judicial notice of the fact that the HIV may be transmitted through contact with an infected individual's blood, semen or vaginal fluid, and that sexual intercourse is one of the most common methods of passing the virus. *See People v. Russell*, 158 Ill.2d 23, 196 Ill.Dec. 629, 630 N.E.2d 794, 795 (1994); *People v. Dempsey*, 242 Ill.App.3d 568, 182 Ill.Dec. 784, 610 N.E.2d 208, 223 (1993); *State v. Mahan*, 971 S.W.2d 307, 309 (Mo.1998); *State v. Hutchinson*, 135 Ohio App.3d 459, 734 N.E.2d 454, 457 (1999). In fact, our own statutes recognize the risk of transmission during sexual intercourse and in other activities that involve the use of bodily fluids. *See* Iowa Code § 915.40(11) (presumption of significant exposure to the HIV when infected individual engages in sexual intercourse);[5] § 709C.1(1)(b) (recognizing semen and blood as potentially infectious bodily fluids). Thus, any reasonably intelligent person is aware it is possible to transmit HIV during sexual intercourse, especially when it is unprotected.

4. A person also violates section 709C.1 if he knows he is HIV positive and
   *b.* Transfers, donates, or provides the person's blood, tissue, semen, organs, or other potentially infectious bodily fluids for transfusion, transplantation, insemination, or other administration to another person.
   *c.* Dispenses, delivers, exchanges, sells, or in any other way transfers to another person any nonsterile intravenous or intramuscular drug paraphernalia previously used by the person infected with the human immunodeficiency virus.
Iowa Code § 709C.1(1)(b), (c).

5. Section 915.40 is a part of the Victim Rights Act, which was enacted on April 13, 1998. *See* 1998 Iowa Acts ch. 1090, § 33 (codified at Iowa Code § 915.40 (1999)).

We find that Keene was aware of the risk of transmission of the HIV when he engaged in unprotected sexual intercourse with C.J.H. When an individual is diagnosed with the HIV, a doctor typically informs the patient of the risks of exposure. *See Mahan,* 971 S.W.2d at 309 n. 3 (those diagnosed with the HIV receive significant counseling from public health officials concerning prevention of the spread of the virus); *see also Stark,* 832 P.2d at 114–16 (doctor had administered several counseling sessions to defendant). However, even if Dr. Stapleton had not counseled Keene on prevention, we can reasonably infer that Keene knew that the HIV could be transmitted during sexual intercourse. The questions Keene propounded to Meyer during the October 16 visit to Hillcrest concerning the transmission of the HIV to babies conceived by an infected parent indicate Keene's knowledge on the subject of transmission. Additionally, any claim by Keene that he did not ejaculate on October 9 or that if he did ejaculate, he ejaculated outside of C.J.H.'s body, is irrelevant. *See Stark,* 832 P.2d at 114. Moreover, section 709C.1 only requires the body of one person to be exposed to the bodily fluid of another. *See* Iowa Code § 709C.1(2)(b) (defining intimate contact).

Consequently, we reject Keene's vague-as-applied claim. In doing so, we recognize that we are not the first state to reject such a challenge. Several states with nearly identical criminal transmission statutes have rejected similar constitutional challenges. *See Russell,* 196 Ill.Dec. 629, 630 N.E.2d at 796; *State v. Gamberella,* 633 So.2d 595, 602–03 (La.Ct.App.1993); *People v. Jensen,* 231 Mich.App. 439, 586 N.W.2d 748, 751–52 (1998); *Mahan,* 971 S.W.2d at 309, 312; *Stark,* 832 P.2d at 115–16.

## V. Factual Basis.

■■■ Before accepting a guilty plea, the district court must establish on the record a factual basis for the plea. Iowa R.Crim. P. 8(2)(b); *see State v. Schminkey,* 597 N.W.2d 785, 788 (Iowa 1999); *State v. Williams,* 224 N.W.2d 17, 18–19 (Iowa 1974). The court may consider the minutes of testimony, statements of the prosecutor and the defendant from the guilty plea colloquy, and the presentence investigation report. *Schminkey,* 597 N.W.2d at 788. Trial counsel commits ineffective assistance when he permits a defendant to plead guilty to an offense lacking a factual basis in the record. *Id.* In addition, the defendant is inherently prejudiced under such circumstances. *Id.*

■■■ Keene contends a factual basis was not established because the record failed to show how sexual intercourse "could result" in the transmission of the HIV. In essence, this is the same argument advanced in the challenge to the constitutionality of the statute.

We conclude our above analysis concerning the vagueness argument applies with equal force to Keene's factual basis claim. In establishing a factual basis, the district court relied upon the minutes of testimony and Keene's statements during the guilty plea colloquy which included his admission to engaging in unprotected sexual intercourse while knowing he was infected with the HIV. Considering Keene's admission together with the well-known fact of the risk of transmission of the HIV through unprotected sexual intercourse, in addition to the minutes of testimony, we conclude a factual basis existed to support Keene's plea of guilty. *See State v. Randall,* 258 N.W.2d 359, 362 (Iowa 1977). Accordingly, Keene's counsel did not provide ineffective assistance when he permitted Keene to plead guilty and when he did not file a motion in arrest of judgment. *See Carter,* 582 N.W.2d at 165–66; *State v. Brooks,*

555 N.W.2d 446, 448 (Iowa 1996). Thus, Keene's ineffective assistance claim is without merit.

## VI. Conclusion.

We conclude Iowa Code section 709C.1 is not unconstitutionally vague as applied to Keene. In addition, we find a factual basis existed for Keene's guilty plea to criminal transmission of the HIV. Thus, trial counsel was not ineffective for permitting Keene to plead guilty and for not filing a motion in arrest of judgment challenging the guilty plea.

**AFFIRMED.**