[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
The defendant-appellant, Dennis Cranfill, appeals from the decision of the trial court revoking his community control and imposing a sanction of one year with the Ohio Department of Corrections following his conviction for driving under the influence, a violation of R.C. 4511.19(A)(1). Cranfill pleaded no contest to the original charge, and no contest at the probable-cause hearing to determine the validity of the alleged community-control violations. Those alleged violations included a failure to report for urine screenings, a failure to make restitution, and a failure to successfully undergo treatment at the River City Correctional Center due to his being discharged from the program.
On appeal, Cranfill argues that there were insufficient facts presented at the probable-cause hearing to justify the revocation of his community control because, notwithstanding his no-contest plea, the state failed to prove that his failure to do all that was required of him was intentional or willful. We hold, however, that the trial court was entitled to reasonable infer — given Cranfill's status as an unincarcerated, legally competent adult that his actions, or inactions, were the intended product of his free will. See State v. Hutchinson (1999),135 Ohio App.3d 459, 734 N.E.2d 454. In the discussion of the facts, Cranfill offered no explanation for his noncompliance, other than to suggest that his failure to attend one of the screenings was due to a scheduling conflict with work.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Winkler, JJ.