OPINION
{¶ 1} Defendant-appellant Jonathan Paris appeals from his conviction and sentence for Possession of Chemicals Used to Manufacture a Controlled Substance. He claims that the trial court erred by failing to grant his Crim.R. 29 motion for acquittal. In support, he contends that the State failed to present evidence sufficient to establish that he intended to manufacture a controlled substance. *Page 2 
 {¶ 2} We conclude that the evidence in the record supports a reasonable inference that the 1,392 pseudoephedrine pills in Paris's possession were intended to be used in the manufacture of methamphetamine, a controlled substance. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} On May 16, 2006, Ohio State Highway Patrol trooper, John Oliver, stopped a pickup truck that he had observed speeding. The truck was occupied by two adult males. The driver of the truck told Oliver that his name was Josh Mitchell and that he owned the truck. He also informed Oliver that he had a Tennessee driver's license, but that he did not have the license with him. Oliver then ran a computer check, but the information given by the driver could not be confirmed.
 {¶ 4} Another trooper arrived on the scene and began to assist Oliver. The driver of the truck was taken into custody and placed in a cruiser. The passenger was asked to exit the vehicle, at which time pills dropped from his pant leg onto the ground. The passenger was then patted down and also placed into custody. The pat-down of the passenger produced a Tennessee driver's license for Jonathan Paris. At that time, the driver admitted that he was Paris, and that his license was suspended. Oliver then arrested Paris for speeding, operating without a valid license, and giving a false name.
 {¶ 5} The troopers inventoried the vehicle prior to having it towed. They found three foil sheets of pills in blister packs on the seat. They also found a small amount of marijuana. A duffel bag, located in the truck also contained sheets of pills. The pills were later determined to be pseudoephedrine. The troopers inventoried 1,392 of the *Page 3 
pills.
 {¶ 6} Paris was subsequently indicted on one count of Possession of Chemicals Used to Manufacture a controlled Substance with Intent to Manufacture a Controlled Substance in violation of R.C. 2925.041. Following a jury trial, Paris was found guilty and sentenced accordingly. From his conviction and sentence, he appeals.
 II {¶ 7} Paris's sole assignment of error states as follows:
 {¶ 8} "THE TRIAL COURT ERRONEOUSLY OVERRULED JONATHAN' [SIC] MOTION FOR ACQUITTAL."
 {¶ 9} In his sole assignment of error on appeal, Paris claims that the trial court erred in overruling his Crim.R. 29 motion for acquittal. In support, he argues that the only evidence presented established that he was merely in possession of the pills, and that the State, thus, failed to establish any intent to manufacture methamphetamine. He further asserts that the fact that he possessed no other items necessary for the manufacture of methamphetamine supports the conclusion that the evidence was not sufficient to establish intent to manufacture.
 {¶ 10} Criminal Rule 29(A) provides that the trial court shall enter a judgment of acquittal on one or more offenses charged in the indictment if the evidence is insufficient to sustain a conviction of such offense or offenses. When reviewing the sufficiency of evidence, the relevant inquiry is whether any rational finder of fact, viewing the evidence in a light most favorable to the state, could have found the essential elements of the *Page 4 
crime proven beyond a reasonable doubt. State v. Dennis,79 Ohio St.3d 421, 430, 1997-Ohio-372. A guilty verdict will not be disturbed on appeal unless "reasonable minds could not reach the conclusion reached by the trier-of-fact." Id.
 {¶ 11} R.C. 2925.041 provides, in pertinent part, as follows:
 {¶ 12} "(A) No person shall knowingly assemble or possess one or more chemicals that may be used to manufacture a controlled substance in schedule I or II with the intent to manufacture a controlled substance in schedule I or II in violation of section 2925.04 of the Revised Code.
 {¶ 13} "(B) In a prosecution under this section, it is not necessary to allege or prove that the offender assembled or possessed all chemicals necessary to manufacture a controlled substance in schedule I or II. The assembly or possession of a single chemical that may be used in the manufacture of a controlled substance in schedule I or II, with the intent to manufacture a controlled substance in either schedule, is sufficient to violate this section."
 {¶ 14} The essential elements of the crime for purposes of this case include: (1) knowing possession; (2) of one chemical that may be used to manufacture a Schedule II controlled substance; (3) with intent to manufacture such substance. There is no dispute as to the first two elements. The evidence amply demonstrates that Paris knowingly possessed a chemical commonly used to manufacture methamphetamine, and that methamphetamine is a Schedule II controlled substance.
 {¶ 15} The issue in this appeal is whether the State proved that Paris intended to use the pills to manufacture methamphetamine. "The Supreme Court of Ohio has acknowledged that intent is not directly provable by objective evidence, as it lies within *Page 5 
the privacy of a person's intimate thoughts." State v. Hutchinson 135 Ohio App.3d 459, citing State v. Garner (1995), 74 Ohio St.3d 49, 60. "Intent `can never be proved by the direct testimony of a third person and it need not be. It must be gathered from the surrounding facts and circumstances * * *'." Id., citations omitted. When determining intent, "persons are presumed to have intended the natural, reasonable and probable consequences of their voluntary acts." Id., citations omitted.
 {¶ 16} The record is devoid of any statement from Paris regarding his intent. There is no testimony from any person — the passenger, for example — regarding his intent. Thus, we have to look at the surrounding circumstances to discover intent.
 {¶ 17} The State's case hinges upon the prosecutor's claim that the sheer number of pseudoephedrine pills in Paris's possession is sufficient to prove intent to manufacture. The State notes that Paris had about a one-year supply of the drugs, belying any claim that they were for personal use. The only other evidence presented by the State in support is the fact that Paris was not truthful with the troopers when he was stopped. However, it appears that he was not truthful about his name because he was driving on a suspended license. The State does not cite any cases in support of its claim that the number of pills, by itself, is adequate evidence of intent to manufacture.
 {¶ 18} We have, likewise, found no authority for that proposition. We note that all of the cases we have reviewed involving R.C. 2925.041
involve not only large quantities of pills containing pseudoephedrine, but also other evidence showing an intent to manufacture. For example, intent has been shown sufficiently where the police found weapons, a glass vial of methamphetamine, and various packages of pills containing pseudoephedrine. See, State v. Wilson, Warren App. No. CA2006-01-007,2007-Ohio-2298. *Page 6 
Other cases have found sufficient evidence of intent to manufacture when the police found other equipment or chemicals used in the manufacture of methamphetamine. See, State v. David, Lake App. No. 2005-L-109,2006-Ohio-3772; State v. Pirpich, Warren App. No. CA2006-07-083,2007-Ohio-6745. In other words, the surrounding circumstances gave rise to a reasonable inference that the defendant intended to use the pills to manufacture a controlled substance.
 {¶ 19} We agree that the evidence would indicate that the pills were not for personal use, since Paris had approximately a one-year supply. The majority of the pills found in Paris's possession were torn out of their original packaging, with only the blister packaging remaining. They were a variety of brands, purchased from a variety of stores. We conclude that the trier of fact could reasonably infer, from this evidence, that the pseudoephedrine was intended to be used in the manufacture of methamphetamine. Although one could speculate concerning other possible reasons for Paris's possession of the pills, the large number, 1,392, the fact that they were obtained from a variety of retail stores, presumably at retail prices, and the fact that they had been removed from their original packaging, makes it unlikely that they were being transported for some innocent purpose.
 {¶ 20} Paris's sole assignment of error is overruled.
 III {¶ 21} Paris's sole assignment of error being overruled, the judgment of the trial court is Affirmed. *Page 7 
 BROGAN and GRADY, JJ., concur. *Page 1