# IN THE COURT OF APPEALS OF IOWA

No. 15-1033
Filed April 27, 2016

**JIMMY DEAN STEVENS,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

　　　Appeal from the Iowa District Court for Black Hawk County, Jon C. Fister,

Judge.

　　　A postconviction-relief applicant appeals the district court's dismissal of his

application. **REVERSED AND REMANDED.**

　　　Kevin E. Hobbs, West Des Moines, for appellant.

　　　Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee State.

　　　Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

Jimmy Stevens appeals the district court's dismissal of his application for postconviction relief (PCR). He claims the court erred in dismissing his claim based on the PCR statute of limitations. He also alleges his PCR counsel was ineffective in failing to challenge his sentence as cruel and unusual punishment.

Stevens was convicted of criminal transmission of HIV, in violation of Iowa Code section 709C.1 (2003),[1] and third-degree sexual abuse, in violation of Iowa Code section 709.4(2)(c)(4). Stevens appealed his conviction alleging there was insufficient evidence to support his conviction for criminal transmission of HIV. *State v. Stevens*, 719 N.W.2d 547, 549 (Iowa 2006). Specifically, he claimed the State did not offer evidence to prove that oral sex could result in the transmission of HIV. *Id.* Our supreme court affirmed Stevens's conviction noting that in *State v. Keene*, 629 N.W.2d 360, 365 (Iowa 2001), the court had taken judicial notice of the fact that "HIV may be transmitted through contact with an infected individual's blood, semen or vaginal fluid, and that sexual intercourse is one of the most common methods of passing the virus." *Stevens*, 719 N.W.2d at 550 (quoting *Keene*, 629 N.W.2d at 365)). The *Stevens* court held that it was common knowledge that oral sex is a means of transmission of HIV and the jury

---

[1] Iowa Code section 709C.1 provided,

> 1. A person commits criminal transmission of the human immunodeficiency virus if the person, knowing that the person's human immunodeficiency virus status is positive, does any of the following:
> a. Engages in intimate contact with another person.
> . . . .
> 2. For the purposes of this section:
> . . . .
> b. "Intimate contact" means the intentional exposure of the body of one person to a bodily fluid of another person in a manner that could result in the transmission of the human immunodeficiency virus.

could use this common knowledge when determining whether the State met its burden to prove the element of intimate contact—"the intentional exposure of the body of one person to a bodily fluid of another person in a manner that could result in the transmission of the human immunodeficiency virus." *Id.* at 552.

Eight years later in *Rhoades v. State*, 848 N.W.2d 22, 32 (Iowa 2014), the supreme court determined, due to "the advancements in medicine regarding HIV between 2003[2] and 2008," the court was "unable to take judicial notice that an infected individual can transmit HIV when an infected person engages in protected anal sex with another person or unprotected oral sex, regardless of the infected person's viral load." The court concluded there was not a factual basis to support Rhoades's 2009 guilty plea where the record did not contain evidence the victim was exposed to Rhoades's bodily fluids in a way that could result in the transmission of HIV. *Rhoades*, 848 N.W.2d at 33.

At the time Rhoades and the victim engaged in sexual relations, "Rhoades's doctor had informed him his HIV viral load was nondetectable" and the two engaged in "unprotected oral and protected anal sex." *Id.* at 25–26. In deciding the case, the *Rhoades* court noted that it had previously defined the word "could" in the criminal transmission statute as requiring "that transmission of . . . HIV from the infected person to the exposed person was *possible* considering the circumstances." *Id.* at 27 (quoting *Keene*, 629 N.W.2d at 365). However, the *Rhoades* court noted it had never elaborated on what "possible" meant. *Id.* It

---

[2] The supreme court in *Rhoades* referenced 2003 because that was the year Stevens was accused of having unprotected oral sex with a minor. Thus, this would have been the last time that the supreme court took judicial notice that HIV could be transmitted through contact with bodily fluid.

determined "possible" meant "having an indicated potential by nature or circumstances." *Id.* at 27–28. Theoretical occurrence was not sufficient; "[c]ausation must be reasonably possible under the facts and circumstances of the case to convict a person of criminal transmission of HIV." *Id.* at 28. In reaching these conclusions, while the court referenced its decision in Stevens's direct appeal, it did not expressly overrule it. *Id.* at 27, 32.

Stevens filed a PCR application in September 2014,[3] alleging his conviction should be overturned because the *Rhoades* decision "ruled [an] undetectable viral load cannot pass [the] virus."[4] He also alleged his lab results from July 2003—when he and the victim engaged in unprotected oral sex— showed an undetectable viral load. The State moved to dismiss Stevens's PCR application because it was filed more than three years after the writ of procedendo was issued following Stevens's direct appeal. *See* Iowa Code § 822.3 (2013). Following a reported hearing, the district court granted the State's motion to dismiss, finding "the issues raised in *Rhoades* could have been raised by [Stevens] within three years after the writ of procedendo issued following his appeal" and thus his claims were barred. The court concluded Stevens could not rely on ineffective assistance of counsel to avoid the three-year bar.

---

[3] This was Stevens's second application for PCR. He filed his first PCR application in 2007 but dismissed it in 2013.

[4] He also alleged the statute under which he was convicted was repealed. We note Iowa Code section 709C.1 was repealed in 2014 Iowa Acts chapter 1119, section 9. In its place, the legislature has enacted a new law regarding the criminal transmission of certain contagious or infectious diseases. *See* Iowa Code §§ 709D.1–.4 (2015). Stevens does not allege on appeal that the repeal of section 709C.1 has any effect on his conviction.

Stevens now appeals, claiming the *Rhoades* case was "a substantive change in Iowa law that clarified an ambiguity in existing law exempting [his] postconviction relief action from the three-year limitation period of Iowa Code section 822.3." He claims the court should have granted his PCR application and ordered a new trial on the charge of criminal transmission of HIV in light of the new definition of "could result in transmission" from the *Rhoades* case.

The State counters by asserting the *Rhoades* case did not announce a new legal rule but instead dealt with a change in the science that occurred between 2003 and 2008 regarding the transmission of HIV. The State notes that the *Rhoades* case did not expressly overrule either *Keene* or *Stevens*, both of which had approved of the court taking judicial notice of the methods of HIV transmission. In addition, the State claims Stevens's claim would fail on its merits because Stevens's attorney could not be held to be ineffective at the time of trial in this case for failing to challenge the taking of judicial notice of information that was current with the known science regarding how HIV is transmitted. The State argues the knowledge of Stevens's viral load was not newly discovered, as this information was known to Stevens at the time of trial. Even if the newly discovered evidence was the new scientific knowledge regarding the transmission of HIV, the State asserts this knowledge was available in 2009, and therefore the three-year statute of limitations would still bar Stevens's PCR application. Finally, the State further argues that *Rhoades* should be strictly confined to the unique facts of that case.

Iowa Code section 822.3 provides, in part:

> All other applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

Procedendo was issued in Stevens's direct appeal on August 31, 2006. Therefore, Stevens had until August 31, 2009, to timely file his PCR application. The current application was not filed until October 1, 2014, more than five years after the three-year statute of limitations had run. Stevens's PCR application is thus time barred unless it is based on "a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3.

Stevens does not claim that the application is based on newly discovered evidence but based on new law as articulated in the *Rhoades* decision in 2014. To be considered a ground of law that could not have been raised, there needs to be "a change in the law that would affect the validity of the conviction." *State v. Edman*, 444 N.W.2d 103, 106 (Iowa Ct. App. 1989). "[T]he exception applies to situations in which there 'would be no opportunity to test the validity of the conviction in relation to [the ground of fact or law that allegedly could not have been raised within the time period].'" *Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994) (second alternation in original). When concluding the supreme court's decision in S*tate v. Heemstra*, 721 N.W.2d 549 (Iowa 2006), qualified as new law to justify the application of the exception to the section 822.3 time bar, the court in *Nguyen v. State*, 829 N.W.2d 183, 188 (Iowa 2013), stated the *Heemstra* decision "expressly overruled the prior law" and "was not simply a 'clarification of the law' or 'an application of preexisting law.'"

> In our view, a ground of law that had been clearly and repeatedly rejected by controlling precedent from the court with final decision-making authority is one that "could not have been raised" as that phrase is used in section 822.3. Any legal argument (at least in theory and subject to the rules of professional conduct) can be raised in any case. Yet, section 822.3 contemplates that some legal grounds exist that "could not have been raised" within the three-year limitations period. Thus, section 822.3 must incorporate the notion that there had to be a possibility of success on the claim. It must envision a category of legal claims that were viewed as fruitless at the time but became meritorious later on.

*Nguyen*, 829 N.W.2d at 188.

While the *Rhoades* court did not expressly overrule the decisions in *Keene* and *Stevens*, it was not merely "a clarification of the law" or "an application of preexisting law." *See Nguyen*, 829 N.W.2d at 188. The *Rhoades* decision was "a change in the law" regarding the evidence the State needed to offer to meet its burden of proof to sustain a conviction for criminal transmission of HIV. *See Edman*, 444 N.W.2d at 106. In addition, this change "affect[s] the validity of [Stevens's] conviction." *See id.* What the jury was once able to accept as common knowledge with no further proof required from the State, *Stevens*, 719 N.W.2d at 552, now requires the State to offer "expert medical testimony on the likelihood of transmission of HIV." *Rhoades*, 848 N.W.2d at 28. Until the *Rhoades* decision was issued, it was established law that "oral sex is a manner of transmission of HIV" and the State did not need to offer further proof to establish the "intimate contact" element of the crime. *Stevens*, 719 N.W.2d at 552. We thus conclude the *Rhoades* decision was a change in the law "that could not have been raised within the applicable time period," and the three-year bar should not prevent Stevens from challenging his conviction through PCR.

Iowa Code § 822.3. We reverse the court's dismissal of Stevens's PCR application.

The question remains whether the *Rhoades* case should be retroactively applied to Stevens. The parties do not address this issue in their appellate briefs, nor did the district court address it when dismissing the PCR application based on the three-year statute of limitations. We therefore remand the case for further proceedings to resolve the issue of whether the *Rhoades* case should be retroactively applied. *See Nguyen*, 829 N.W.2d at 189 (concluding *Heemstra* was a new law that exempted Nguyen's PCR application from the three-year statute of limitations bar but remanding the case to the district court for further proceedings to determine whether equal protection, due process, or separation of powers required the *Heemstra* decision to be retroactively applied). We do not retain jurisdiction.

**REVERSED AND REMANDED.**

Potterfield, J., concurs; Danilson, C.J., dissents.

**DANILSON, Chief Judge (dissenting)**

I respectfully dissent. Steven's second application for postconviction relief was filed October 1, 2014. The Stevens decision was filed on August 4, 2006, and took judicial notice of an adjudicative fact. Subsequently, on July 13, 2014, the Iowa Supreme Court decided in *Rhoades v. State*, 848 N.W.2d 22, 32 (Iowa 2014), that it was no longer appropriate to take judicial notice of the same adjudicatory fact because the science had changed. The court stated,

> The judicial notice we took in previous cases is subject to reasonable dispute here; thus, it is improper for us to similarly take judicial notice in this case. With the advancements in medicine regarding HIV between 2003 and 2008, we are unable to take judicial notice of the fact that HIV may be transmitted through contact with an infected individual's blood, semen or vaginal fluid, and that sexual intercourse is one of the most common methods of passing the virus to fill in the gaps to find a factual basis for Rhoades's guilty plea.

*Rhoades*, 848 N.W.2d at 33.

Thus, the court concluded in *Rhoades*, "It was not apparent in 2009, at the time of the plea, that this fact was 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" *Id.* at 32 (quoting Iowa R. Evid. 5.201(b)). Based upon this conclusion, Stevens could have raised this same issue in 2009 or after. To timely raise this issue, he had three years after procedendo issued on his direct appeal on August 31, 2006, or in other words August 31, 2009. I agree with the district court that Stevens' present claims are time barred. *See* Iowa Code section 822.4.

I disagree with the majority that the date of the *Rhoades* decision in 2014 constitutes a change of law breathing life into Stevens' claims in this case because "judicial notice of an adjudicatory fact in a prior proceeding does not

automatically apply to a future proceeding." *Rhoades*, 848 N.W.2d at 31. Thus, whether a subsequent court takes judicial notice of the same adjudicatory fact remains subject to evidence showing the fact is no longer "capable of accurate and ready determination by resort to sources whose accuracy could no longer be reasonably be questioned." Iowa R. Evid. 5.201(b). The supreme court in *Rhoades* tells us such evidence was available in 2009. I would affirm the district court.