# IN THE COURT OF APPEALS OF IOWA

---

No. 24-1584
Filed March 11, 2026

---

**State of Iowa,**
Plaintiff–Appellee,

v.

**Taurean Lee Murray Jr.,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Polk County,
The Honorable Jesse Ramirez, Judge.

---

**AFFIRMED**

---

Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant
Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney
General, attorneys for appellee.

---

Considered without oral argument
by Ahlers, P.J., Chicchelly, J., and Bower, S.J.
Opinion by Bower, S.J.

**BOWER, Senior Judge.**

Taurean Murray Jr. appeals his conviction for violating Iowa Code section 724.8B (2024), "persons ineligible to carry dangerous weapons." He claims the statute is facially unconstitutional under both the United States and Iowa Constitutions and asserts the district court erred in denying his motion to dismiss. Upon our review, we affirm.

## I.  Facts and Prior Proceedings

Des Moines Police Department Officer Matthew Wempen stopped Murray after observing traffic violations. During the stop, Officer Wempen detected the odor of marijuana coming from the vehicle, which he identified based on his training and experience. Murray told the officer that a friend had possessed marijuana in the vehicle earlier. With probable cause, Officer Wempen searched the vehicle and found an AR-15 rifle and an envelope containing marijuana in the center console.

The State filed a trial information charging Murray with possession of a controlled substance in violation of Iowa Code section 124.401(5) and person ineligible to carry dangerous weapons in violation of section 724.8B. Murray moved to dismiss the weapon charge, claiming section 724.8B violates both the United States and Iowa Constitutions. He claimed the statute fails strict scrutiny under article I, section 1A of the Iowa Constitution and conflicts with the Second Amendment of the United States Constitution under the history-and-tradition framework set out in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). The State responded it prosecuted Murray under the subsection applying to "a person who illegally possesses a controlled substance" as defined in Iowa Code section 124.2.

Murray further argued section 724.8B sweeps too broadly by criminalizing multiple categories of conduct connected to the right to keep and bear arms. He pointed to possession of a firearm while committing an indictable offense as an example and claimed the statute burdens protected conduct and therefore triggers strict scrutiny. Murray contends the State cannot satisfy this standard. The State countered that the statute includes clearly constitutional applications, such as its prohibition on carrying a firearm while unlawfully possessing a controlled substance. The State also emphasized the heavy burden on a facial challenger to show no set of circumstances exist under which the statute remains valid.

The district court denied the motion. It concluded section 724.8B complies with the Second Amendment because historical precedent permits firearm regulations aimed at protecting public safety. The court also found the statute satisfies article I, section 1A because it advances compelling interests, public safety, and officer safety, and because it tailors its prohibitions to specific circumstances involving criminal activity. Murray thereafter entered a conditional guilty plea.

Murray appealed. The parties agreed to stay the proceedings while our supreme court considered *State v. Woods*, 23 N.W.3d 258 (Iowa 2025), which addressed similar constitutional challenges to section 724.8B. After the supreme court upheld the statute, the district court lifted the stay, and the case proceeded. Murray now argues that *Woods* reached the wrong result under both article I, section 1A and the Second Amendment. He also claims he preserved a separate as-applied challenge based on the unique facts of his case.

## II.    Scope and Standard of Review

We review constitutional challenges de novo. *State v. Keene*, 629 N.W.2d 360, 363 (Iowa 2001). A statute is presumed constitutional, and the party challenging it bears "the heavy burden of rebutting that presumption." *State v. Cole*, 23 N.W.3d 231, 236 (Iowa 2025).

Constitutional challenges take two forms: facial and as-applied. *Honomichl v. Valley View Swine, LLC*, 914 N.W.2d 223, 231 (Iowa 2018). "A facial challenge is one in which no application of the statute could be constitutional under any set of facts." *Id.* A facial challenge must fail if any set of circumstances exists under which the statute may be constitutionally applied. *Summit Carbon Sols., LLC v. Kasischke*, 14 N.W.3d 119, 126 (Iowa 2024). In contrast, "an as-applied challenge alleges the statute is unconstitutional as applied to a particular set of facts." *Honomichl*, 914 N.W.2d at 231. The two theories of challenges carry distinct preservation requirements, and each must be clearly raised at the earliest opportunity. *See State v. Hernandez-Lopez*, 639 N.W.2d 226, 233 (Iowa 2002). As-applied challenges are inherently fact-specific and require a developed record; a "mere assertion that a statute is 'unconstitutional' does not encompass every conceivable constitutional violation." *Id.* at 234. This level of specificity ensures the district court and an appellate court have a full and fair opportunity to address the constitutional claim on an adequate record. *Id.* Murray raises both challenges here.

## III.    Analysis

In *Woods*, the supreme court applied the two-step framework set forth in *Bruen* to evaluate a facial challenge to Iowa Code section 724.8B. 23 N.W.3d at 264. At the first step, the court examined whether the challenger falls within "the people" protected by the Second Amendment and whether

the conduct prohibited by section 724.8B is covered by the Amendment's plain text and historical meaning. *Id.* The court concluded the Iowa Constitution recognizes a fundamental, though not unlimited, individual right to keep and bear arms. *Id.* Additionally, the court determined the Second Amendment and the Iowa Constitution afford no protection for carrying a firearm while unlawfully possessing a controlled substance or while committing an indictable offense. *Id.*

Murray contends section 724.8B is facially unconstitutional. We disagree. Possessing marijuana while armed is precisely the conduct the legislature intended to prohibit through this narrow exception to the fundamental right to keep and bear arms. As in *Woods*, the statute withstands a facial challenge, and nothing in this record meaningfully distinguishes Murray's case from the circumstances addressed there.

Murray also claims he may advance both a facial and an as-applied challenge on appeal. He may not. A facial challenge does not, by itself, preserve an as-applied theory. At the hearing on his motion to dismiss, Murray explicitly limited his argument to a facial challenge. That strategic choice shaped the record and the district court's ruling. It would be improper to consider a different constitutional theory now without the factual development an as-applied challenge requires. Courts ordinarily address as-applied challenges first to promote judicial efficiency and avoid unnecessary constitutional holdings. *See* 16 C.J.S. Constitutional Law § 243 (2025). Murray bypassed that sequence. Having elected to proceed solely on a facial theory, he cannot now proceed on a different theory.

The distinction between facial and as-applied challenges is substantive, not semantic. An as-applied challenge depends on facts specific to the defendant, supported by a developed record. *See* Alex Kreit, *Making*

*Sense of Facial and As-Applied Challenges*, 18 Wm. & Mary Bill Rts. J. 657, 657 (2010). No such record exists here. Allowing a pivot on appeal would undermine the adversarial process and disadvantage the State, which met—and prevailed under—the broader standard Murray chose. In sum, we are not persuaded by the claim properly before us. We affirm the district court's order denying Murray's motion to dismiss.

**AFFIRMED.**