[Cite as *State v. Benton*, 2014-Ohio-2163.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-130556 |
| | | C-130557 |
| Plaintiff-Appellee, | : | C-130558 |
| | | TRIAL NO. 12TRC-53452 |
| vs. | : | |
| | | *O P I N I O N.* |
| CARRISA BENTON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 21, 2014

*Charles A. Rubenstein*, City Prosecutor, and *David Sturkey*, Assistant City Prosecutor, for Plaintiff-Appellee,

*David Hoffmann*, Assistant Hamilton County Public Defender, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}    Carrisa Benton caused a car accident by making a U-turn in the middle of the road, directly in front of oncoming traffic.  A jury concluded that she had been inebriated at the time, and convicted her of operating a vehicle under the influence of alcohol ("OVI").  She was also convicted of an improper change-of-course violation and failing to reinstate her driver's license.

{¶2}    Ms. Benton now appeals those convictions.  In six assignments of error, she alleges that the trial court violated her speedy-trial rights and erred in excluding defense evidence, that her convictions were not supported by sufficient evidence and were against the weight of the evidence, and that she was denied the effective assistance of counsel.  We conclude that none of her arguments have merit, so we affirm the judgment below.

### The Accident

{¶3}    On the evening of November 8, 2012, Ms. Benton left the home of her friend Wallace White after consuming, by her estimation, "a little bit" of brandy. Over an hour later, she was driving southbound on Belmont Avenue just blocks from Mr. White's apartment, when she abruptly decided to turn around.  Ms. Benton crossed the double-yellow line in front of a car driven by Michael Starks, who was heading home with his girlfriend and daughter.  Mr. Starks slammed on his brakes, but could not avoid a collision.  It is unclear where Ms. Benton had been for the hour between leaving Mr. White's apartment and getting into her car.

{¶4}    Police and emergency responders arrived within minutes.  Officer Thomas Stanton determined that Ms. Benton was at fault in the accident because her car was positioned left-of-center, and skid marks on the ground indicated that Mr.

Starks had attempted to brake, but Ms. Benton had not. Officer Stanton further explained that there was no room to make a U-turn at that point on the road, and if she had been attempting to turn into a nearby driveway, she missed it considerably. Officer Stanton observed Ms. Benton arguing with life squad personnel as they extricated her from her vehicle. When he spoke with her, he noted that her breath smelled strongly of alcohol and she had bloodshot eyes. He ran her name through the computer system in his cruiser, and discovered that her license had not been reinstated after a previous license suspension. He chose not to perform field-sobriety tests because of the possibility that Ms. Benton had been injured during the crash. Ms. Benton was taken to the hospital.

{¶5} Officer Stanton interviewed Ms. Benton at the hospital. She admitted to drinking brandy and said that she had not eaten all day. She was confused about the time of day, and identified her alcohol consumption as having occurred at a time that was later than the accident. Officer Benton noted that she was still emitting a strong odor of alcohol at the hospital. She refused to provide a blood sample for testing when asked. Officer Stanton concluded that she was appreciably impaired and issued a traffic citation that night.

{¶6} The facts above were elicited by the state through the testimony of Officer Stanton and Mr. Starks at trial. Mr. White testified for the defense. He stated that Ms. Benton had been doing computer work at his apartment, and had consumed only half a beer and, maybe, a shot of brandy.

{¶7} Although the charges were tried together, only the OVI offense was submitted to the jury. The jury found Ms. Benton guilty of violating R.C. 4511.19(A)(1)(a). Additionally, the trial court convicted her of making an improper turn,

under Cincinnati Municipal Code 506-80, and failing to reinstate her driver's license under R.C. 4510.21. She now appeals, raising six assignments of error.

**No Speedy-Trial Violation**

{¶8} Ms. Benton first contends that the trial court erred by failing to dismiss the charges against her on speedy-trial grounds. Ohio's speedy-trial statute, R.C. 2945.71, required in this case that Ms. Benton be brought to trial within 90 days of receiving her citation. *See* R.C. 2945.71(B)(2). That time may only be extended for the reasons set forth in R.C. 2945.72. Once the statutory period for bringing an accused to trial has expired, the state bears the burden of showing that the accused waived his right to a speedy trial or that time was properly extended under R.C. 2945.72. *See State v. Meyer*, 1st Dist. Hamilton No. C-090802, 2011-Ohio-1357, ¶ 9, citing *State v. Butcher*, 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368 (1986). Such extensions are strictly construed against the state. *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937, ¶ 24, quoting *State v. Singer*, 50 Ohio St.2d 103, 109, 362 N.E.2d 1216 (1997).

{¶9} Ms. Benton's trial took place on August 19, 2013, well outside the 90-day period. The parties agree that much of that time had been tolled under the statute. Two time periods are at issue on appeal. One began on April 15 with the filing of a motion to suppress and extended to the suppression hearing on April 30. The other concerns a continuance granted at the April 30 hearing until June 18.

{¶10} We first address the issue raised by Ms. Benton in her assignment of error: whether the period of time from the April 30 continuance to the next hearing date on June 18 should have been charged to the state. Under R.C. 2945.72(H), speedy-trial time may be tolled for "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the

4

accused's own motion[.]" Thus, time is tolled for a continuance granted at the state's request only if that continuance is "reasonable." The reasonableness of the continuance must be "affirmatively demonstrated by the record." *Ramey* at ¶ 33.

{¶11} But counsel for Ms. Benton conceded at oral argument that the transcript of the April 30 hearing indicated that the parties had agreed to the continuance, and consequently, time had tolled. We agree. A continuance granted upon the joint motion of the parties does not require a showing of "reasonableness" under R.C. 2945.72(H) because the continuance is granted, in part, on the motion of the accused. *See, e.g., State v. Watson*, 10th Dist. Franklin No. 13AP-148, 2013-Ohio-5603, ¶ 19. We, therefore, conclude that speedy-trial time did not run during that period.

{¶12} Next, we address the period of time from April 15, when the motion to suppress was filed, to April 30, the date of the previously-scheduled suppression hearing. Ms. Benton did not contest this time period in her brief on appeal, but counsel for Ms. Benton raised the issue at oral argument. We generally disregard claims raised during oral argument that have not been addressed in the parties' briefs. App.R. 12; App.R. 16. Even so, we find counsel's argument to be without merit.

{¶13} Trial had been set for April 3, but was continued at the state's request. At that time, defense counsel indicated his intent to file a motion to suppress new evidence the state had disclosed that day. In anticipation of the motion, the parties agreed to set the matter out four to six weeks for a suppression hearing, and a hearing was scheduled that day for April 30. The motion itself was not filed until April 15.

{¶14} Although the time period from April 3 to April 15 was charged to the state based on its request for a continuance, once the motion to suppress was filed on April 15, time was tolled under R.C. 2945.72(E). Counsel contends that because the

April 30 hearing date was chosen on April 3, the filing of the motion on April 15 did not cause an additional delay, and therefore the period of time from April 15 to April 30 should not have been tolled. In support of this argument, counsel relies on *State v. Frost*, 4th Dist. Scioto No. 91-CA-1995, 1992 Ohio App. LEXIS 6228 (Dec. 11, 1992). In that case, the Fourth Appellate District held that time did not toll upon the filing of a defense motion because the trial date had already been scheduled, and neither the filing nor the hearing on the motion delayed the previously-set trial date. We find this case to be distinguishable. Here, the hearing was set for April 30 in order to allow the defense time to file the motion to suppress and allow the parties time to prepare for the suppression hearing. The parties expressly acknowledged that the suppression hearing would have to be scheduled further out, approximately four to six weeks later, to allow sufficient time to prepare. Therefore, we conclude that the filing of the motion tolled time. We overrule the first assignment of error.

### Evidentiary Rulings Amount to Harmless Error

{¶15} Ms. Benton next contests the trial court's exclusion of two pieces of defense evidence. The first is a photograph of her car after the accident. Officer Stanton testified that the photograph truly and accurately depicted the damage to her car. The trial court ruled the evidence inadmissible on the basis that, because the officer could not testify to the photograph's origin, it had not been properly authenticated. A photograph may be authenticated by testimony that it fairly and accurately depicts its subject. Evid.R. 901(B)(1). Thus, the trial court erred by failing to admit the photograph into evidence. Nevertheless, Ms. Benton has not shown any prejudice as a result. She contends that the photograph reveals that the force of the impact was attributable to Mr. Starks's speed. But Mr. Starks testified that she turned so closely in front of him that he did not have enough time to apply his

brakes. He described it as being "like a deer running out in front of you on the road." The evidence indicates that—regardless of how fast Mr. Starks had been driving—she could not have executed the turn with reasonable safety.

{¶16} In addition, Ms. Benton claims the trial court erred by excluding Mr. White's testimony about the severity of her injuries. The trial court concluded that her injuries were not relevant to the cause of the crash. Yet the defense elicited the testimony in an effort to show that Ms. Benton's post-accident confusion and agitation had been the result of her injuries, and not intoxication. Therefore, the evidence was relevant. But we still find no prejudice. Officer Stanton stated that Ms. Benton reeked of alcohol, had bloodshot eyes, and had been combative towards emergency personnel. Because we find both errors to be harmless, we overrule Ms. Benton's second assignment of error. *See* Crim.R. 52(A).

## Convictions are Supported by the Evidence

{¶17} In her third and fourth assignments of error, Ms. Benton challenges the trial court's denial of her Crim.R. 29 motion for acquittal and the sufficiency of the evidence presented below. "A claim that the trial court erred in denying a motion for acquittal triggers a standard of review identical to that which applies to a sufficiency claim," so we consider these arguments together. *See State v. Williams*, 74 Ohio St.3d 569, 576, 660 N.E.2d 724 (1996).

{¶18} Ms. Benton's OVI conviction was based on her conduct and appreciable impairment, not upon the results of an alcohol test. *See, e.g., State v. Grizovic*, 177 Ohio App.3d 161, 2008-Ohio-3162, 894 N.E.2d 100, ¶ 9 (1st Dist.). Ms. Benton asserts that the evidence was insufficient to show that she was "appreciably impaired" by alcohol. Mr. Starks testified that the vehicle driven by Ms. Benton abruptly turned into the path of his vehicle. Officer Stanton explained that there was

no room to execute a U-turn, nor was Ms. Benton close to any driveways, at the place where she attempted to turn. The record further indicates that Ms. Benton smelled strongly of alcohol, had bloodshot eyes, was argumentative at the scene, and admitted to consuming alcohol. We believe the record contains sufficient evidence for a jury to conclude that the state had proven the elements of the offense beyond a reasonable doubt. *See State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶19} Ms. Benton further contests the sufficiency of the evidence on her failure-to-reinstate conviction. Officer Stanton testified—without objection—that a search of her license returned information that it had previously been suspended and had not been reinstated. Ms. Benton contends that the hearsay testimony, absent some additional documentary evidence that her license was not valid, was insufficient by itself to sustain the conviction.

{¶20} Ms. Benton has not argued that the admission of the hearsay evidence was plain error. And the fact that the officer's testimony was hearsay does not affect our sufficiency review. The Ohio Supreme Court has rejected the notion that we must only consider admissible evidence in evaluating whether a conviction was supported by sufficient evidence. *See State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 1, 19; *State v. Renner*, 2d Dist. Montgomery No. 25514, 2013-Ohio-5463; *State v. Brooks*, 8th Dist. Cuyahoga No. 91730, 2010-Ohio-2446. Instead, the reviewing court must look to all the evidence admitted at trial, whether or not it was properly admitted. *Renner* at ¶ 8; *Brooks* at ¶ 1. We conclude that, based on the officer's testimony, the court could reasonably have found all the elements of the offense to have been proven beyond a reasonable doubt. *See Jenks, supra.* The third and fourth assignments of error are overruled.

**{¶21}** Ms. Benton asserts in her fifth assignment of error that her OVI and improper-change-of-course convictions are against the manifest weight of the evidence. As to the OVI conviction, Ms. Benton argues that there were other possible explanations for her behavior that night. But it was for the jury to weigh those facts. Our review of the entire record fails to persuade us that the jury clearly lost its way and created such a manifest miscarriage of justice that we must reverse Ms. Benton's conviction and order a new trial. *See State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997).

**{¶22}** The gist of her argument in regard to the improper-turn violation is that Mr. Starks was not a credible witness. Again, we leave such credibility determinations to the fact-finder. Moreover, Officer Stanton determined that her car was left-of-center when the collision occurred and that there was nowhere for her to turn around at that location. After reviewing the record, we cannot conclude that the trial court lost its way and created such a manifest miscarriage of justice that we must reverse its decision. *Id.* Ms. Benton's fifth assignment of error is overruled.

### Counsel was not Ineffective

**{¶23}** Finally, Ms. Benton contends that her trial counsel was ineffective for failing to object to hearsay testimony that she had been driving without a valid license. To succeed on this claim, Ms. Benton must show that her counsel's performance was deficient, and that, absent her counsel's errors, the result of the proceedings would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989).

**{¶24}** The record indicates that counsel vigorously represented Ms. Benton by filing multiple pretrial motions and making numerous evidentiary objections

during trial. Because the license charge was submitted to the court and not the jury, counsel may well have chosen not to object to that testimony for purposes of trial strategy, perhaps to avoid distracting jury members or calling their attention to it. Regardless, we are not persuaded that counsel's failure to object to the officer's testimony about the invalid license, when counsel was active in representing Ms. Benton throughout the course of the proceedings below, rises to the level of ineffectiveness contemplated by *Strickland*. Therefore, we overrule Ms. Benton's sixth assignment of error and affirm the judgment below.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **HENDON, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.