[Cite as *State v. Borden*, 2015-Ohio-333.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140245 |
| | | TRIAL NO. 14CRB-5134A |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| KINSEY BORDEN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: January 30, 2015

*Paula Boggs Muething*, City Solicitor, *Charlie Rubenstein*, City Prosecutor, and *Marva K. Benjamin*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Richard A. Magnus*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}    Christine Hargis burst into her neighbors' apartment half-dressed, bruised and bloodied.  At trial, she claimed that she had tripped and fallen on a coffee table in the midst of an argument with her boyfriend.  But a police officer testified that he had heard her say that her boyfriend had struck her.  The boyfriend, Kinsey Borden, was convicted of assault on Ms. Hargis.  Mr. Borden argues that the court erred when it allowed the police officer to testify about the statement.  We agree and remand the case for a new trial.

## I.  Background

{¶2}    Ms. Hargis celebrated her 25th birthday at a bar with Mr. Borden.  After several rounds of drinks, the pair returned to their apartment.  According to Ms. Hargis, her memory of the night after leaving the bar was hazy.  She testified at trial that she remembered picking a fight with Mr. Borden.  "I kicked a couple of doors.  I slipped and fell chasing him and fell on the coffee table and smacked my face."  Mr. Borden left the apartment and took off in Ms. Hargis's car.  The next thing she remembers is being in her neighbors' apartment crying.  Ms. Hargis denied at trial that Mr. Borden had hit her.

{¶3}    Ms. Hargis's neighbors called 911.  Officer Mark Wherle responded to the call, and Ms. Hargis's father came to the apartment as well.  Officer Wherle testified that Ms. Hargis did not want to talk to him about the incident.  But while Ms. Hargis spoke with her father, Officer Wherle heard her say "that [she and Mr.  Borden] got in an argument and he struck her and left in her vehicle."  Ms. Hargis's father took her to a hospital where she was treated for a broken nose.

{¶4}    At the conclusion of the bench trial, the court found Mr. Borden guilty of assault and sentenced him accordingly.

## II. Ms. Hargis's Hearsay Statement

{¶5}     Because it impacts our discussion of his other assignments of error, we first consider Mr. Borden's third assignment.  In it, Mr. Borden asserts that the trial court erred when it allowed Officer Wherle to testify about the statement he heard Ms. Hargis make to her father about Mr. Borden striking her.  He contends that the hearsay statement was not admissible under any exception.  We review the trial court's evidentiary decisions for an abuse of discretion. *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343 (1987), paragraph two of the syllabus.   We conclude that the court abused its discretion.

{¶6}     At the trial, the court overruled Mr. Borden's objection to Officer Wherle's testimony, stating, "The hearsay objection is overruled and the basis, her making inconsistent statement with that."   Presumably, the court was referring to Evid.R. 801(D)(1), which provides that a declarant's prior inconsistent statement is not hearsay if it was made under oath and subject to cross-examination.  That was not the case here.  Ms. Hargis's statement to her father was not under oath.

{¶7}     The state does not dispute that Officer Wherle's testimony about Ms. Hargis's statement to her father was hearsay—"a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."   Evid.R. 801(C).   Instead, it argues that it was admissible under the excited-utterance exception to the hearsay rule.

{¶8}     An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Evid.R. 803(2).   The rationale for the excited-utterance exception is that the stress of the excitement does not allow the declarant "a meaningful opportunity to reflect on statements regarding the event."   *State v.*

*Wallace*, 37 Ohio St.3d 87, 88, 524 N.E.2d 466 (1988). "Without opportunity to reflect, the chance that a statement is fabricated, or distorted due to a poor memory, is greatly reduced." *Id.* Here, the circumstances surrounding the statement indicate that Ms. Hargis had had an "opportunity to reflect." Officer Wherle responded about 20 minutes after the 911 call was made by the neighbors. And although, according to Officer Wherle, Ms. Hargis had been crying and "was visibly upset," she had made the decision not to speak to the police officer. Based upon the amount of time that elapsed and her ability to make a deliberate decision not to discuss the incident with the police, we conclude that the statement was not an excited utterance. The court abused its discretion when it allowed Officer Wherle to testify about the statement. *See State v. Clark*, 1st Dist. Hamilton No. C-100693, 2011-Ohio-6030, ¶ 10.

{¶9} Having determined that the court erred in allowing the hearsay testimony, we must decide whether the error was harmless or requires that we grant Mr. Borden a new trial. To do so, we "must consider both the impact of the offending evidence on the verdict and the strength of the remaining evidence after the tainted evidence is removed from the record." *State v. Morris*, Slip Opinion No. 2014-Ohio-5052, syllabus. *See State v. Kelley*, 1st Dist. Hamilton No. C-140112, 2014-Ohio-5565.

{¶10} We cannot say that testimony about Ms. Hargis's statement to her father did not have an impact on the verdict. No other evidence was presented connecting Mr. Borden to Ms. Hargis's injuries. Further, absent Ms. Hargis's statement that Mr. Borden had struck her, the evidence of his guilt was far from overwhelming. Thus, we cannot conclude that the error was harmless. The third assignment of error is sustained.

### III. Sufficiency and Weight

{¶11}   We consider the remaining assignments of error together.  In the first, Mr. Borden asserts that his conviction was not based on sufficient evidence, and in the second, he asserts that his conviction was against the weight of the evidence. Mr. Borden argues that without the admission of Ms. Hargis's hearsay statement, the state did not present sufficient evidence that he had caused the harm to Ms. Hargis.

{¶12}   "The Ohio Supreme Court has rejected the notion that we must only consider admissible evidence in evaluating whether a conviction was supported by sufficient evidence."  *State v. Benton*, 1st Dist. Hamilton Nos. C-130556, C-130557 and C-130558, 2014-Ohio-2163, citing *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 1, 19.  Thus, even if the hearsay statement should not have been admitted, we consider it to determine sufficiency.  In addition to Ms. Hargis's hearsay statement that Mr. Borden hit her, the state presented evidence that Ms. Hargis had suffered two black eyes and a broken nose, that her neighbors had heard such a commotion that they called 911, that Mr. Borden was with Ms. Hargis that night, and that they had fought.  Based on the record, the court could reasonably have found all the elements of assault to have been proven beyond a reasonable doubt.  *See State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.[1]  And on the record presented to the court, we cannot say that the trial court clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction.  *See State v. Thompkins*, 78 Ohio St.3d 380, 386-87, 678 N.E.2d 541 (1997).  The first and second assignments of error are overruled.

---

[1] This case is distinguishable from our decision in *State v. Heard*, 1st Dist. Hamilton No. C-130789, 2014-Ohio-4643, where we discharged the defendant from further prosecution because the court had improperly considered impeachment evidence as substantive evidence.   In that case, had the hearsay been properly considered only as impeachment evidence, there was no substantive evidence of the defendant's guilt presented.

**{¶13}** Because the court's error in admitting Ms. Hargis's hearsay statement was not harmless, we reverse the court's judgment and remand the case for a new trial and further proceedings consistent with the law and this opinion.

Judgment accordingly.

**HENDON, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.