[Cite as *State v. Justice*, 2024-Ohio-2574.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230591 |
| | | TRIAL NOS. C-23TRD-24768-A, B |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| MICHAEL JUSTICE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Reversed in Part and Cause Remanded; Appeal Dismissed in Part

Date of Judgment Entry on Appeal: July 5, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters,* Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

**{¶1}** Michael Justice appeals his conviction, after a bench trial, for operating a motor vehicle with an invalid license plate. In two assignments of error, Justice contends that his conviction is not supported by sufficient evidence and is contrary to the manifest weight of the evidence. For the following reasons, we reverse the judgment of the trial court.

## Factual Background

**{¶2}** On September 19, 2023, Michael Justice was charged with operating a motor vehicle without a license and operating a motor vehicle with an invalid license plate. He pleaded not guilty and proceeded to a bench trial.

**{¶3}** Deputy Michael Patrustie, a patrol officer for the Hamilton County Sheriff's Department, testified that he was patrolling near the Three Rivers schools when a Jeep drove past him with a license plate tag that expired in 2022. Patrustie drove behind the car and "ran the license plate" multiple times. He learned that the tag had expired on November 27, 2022. The vehicle that was on his computer was a 2006 Lincoln station wagon and not the Jeep that he had pulled over.

**{¶4}** Justice had purchased the car a week prior but could not provide any proof that he owned the vehicle. Justice said he had an insurance card but was unable to provide a copy because his phone was not working. Patrustie retrieved the VIN number of the Jeep, returned to his cruiser, and ran the number. The results of his search revealed that the 1998 Jeep was registered to a woman who lived in Amelia. According to Patrustie, the vehicle had no license plate attached to it. Patrustie testified that the vehicle's registration had expired in August 2021.

**{¶5}** Patrustie returned to the Jeep and asked Justice for his driver's license.

Justice's license had expired in 2021. Patrustie returned to his cruiser to verify the license, and found the "license was in our system, expired, from 2021." Patrustie decided to tow the vehicle because the plates did not match the vehicle, Justice's driver's license was invalid, and Justice could not provide proof of insurance.

{¶6} On cross-examination, Patrustie testified that Justice explained that the plate was on the Jeep when he bought it, but Justice was unable to tell him when he purchased the car and from whom he bought it. Justice further stated that he thought he had 30 days to transfer the plates, and he had the car for a week. According to Patrustie, when he ran the license plate number, he discovered that the plate on the vehicle was registered to an owner who lived in Loveland, Ohio. Patrustie did not bring a copy of the driver's license or a copy of the system inquiry showing that the license was expired.

{¶7} Justice testified that he was unaware that the plates were not valid because they were on the car when he purchased it a week before the stop. Justice admitted that he did not register the vehicle in his name when he purchased it, and the car "is still in the process of being put in my name." Justice further testified that the dealer who sold him the car was supposed to put the vehicle in his name, and that he had not yet obtained the title for the car.

{¶8} During closing arguments, Justice argued that the state failed to prove that he recklessly violated the fictitious-plate statute because he was unaware that the plates were invalid. He admitted that the driver's license was expired.

{¶9} The trial court found Justice guilty of both charges. Justice appealed, both charges, but in his brief, Justice does not challenge the driving-without-a- license conviction, and he raises no assignment of error with respect to that conviction.

Therefore, we dismiss the appeal as it relates to the A charge.

## Sufficiency of the Evidence

{¶10} In his first assignment of error, Justice contends that his conviction was not supported by sufficient evidence because the state failed to produce evidence that he recklessly displayed a license plate registered to another vehicle.

{¶11} In reviewing a challenge to the sufficiency of the evidence, a reviewing court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime had been proved beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶12} In relevant part, R.C. 4549.08 provides:

(A) No person shall operate or drive a motor vehicle upon the public roads and highways in this state if it displays a license plate or a distinctive number or identification mark that meets any of the following criteria:

(3) Belongs to another motor vehicle, provided that this section does not apply to a motor vehicle that is operated on the public roads and highways in this state when the motor vehicle displays license plates that originally were issued for a motor vehicle that previously was owned by the same person who owns the motor vehicle that is operated on the public roads and highways in this state, during the thirty-day period described in division (A)(4) of section 4503.12 of the Revised Code.

{¶13} The definition of "recklessly" is set forth in R.C. 2901.22(C):

A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.

{¶14} The Legislative Commission Comment to the code section further explains that a person acts recklessly when, "without caring about the consequences, he obstinately disregards a known and significant possibility that his conduct is likely to cause a certain result or be of a certain nature, or that certain circumstances are likely to exist."

{¶15} Justice argues that he did know that the plate was registered to another vehicle because the plate was on the vehicle when he purchased it a week earlier. To the extent that Justice allegedly believed that the plate was registered to the Jeep and that he had 30 days to transfer the plate, "a 'mistake of fact' is not available as a defense to a crime requiring a mental state of recklessness." *State v. Parrett*, 12th Dist. Fayette No. CA2014-02-002, 2014-Ohio-4524, ¶ 18, citing *State v. Neville*, 7th Dist. Noble No. 235, 1998 Ohio App. LEXIS 5519, 8 (Nov. 17, 1998) (finding the trial court did not abuse its discretion in failing to give a jury instruction on "mistake of fact" as defendant was not charged with a specific intent crime, but rather a crime that had the requisite mental state of "recklessly").

{¶16} To prove intent, the Ohio Supreme Court has recognized that "intent, lying as it does within the privacy of a person's own thoughts, is not susceptible [to]

5

objective proof." *State v. Garner*, 74 Ohio St.3d 49, 60, 656 N.E.2d 623 (1995). Instead, intent must often be inferred from the act itself and the surrounding circumstances, including the acts and statements of the defendant surrounding the time of the offense. *State v. Hutchinson*, 135 Ohio App.3d 459, 734 N.E.2d 454 (12th Dist.1999).

{¶17} In this case, Justice admittedly drove a car that was not titled or registered in his name. When he purchased the car, it contained a license plate that he knew was not issued to him. Although Justice acknowledged that he was required to obtain a license plate for the car, he instead chose to drive the car with a license plate issued to another person and a tag that had expired in November 2022. The state presented sufficient evidence that Justice acted recklessly in disregard of a known risk by driving the car knowing he was required to obtain a plate for the vehicle. Viewing the evidence in a light most favorable to the state, a reasonable factfinder could conclude that Justice recklessly operated the vehicle with an invalid license plate.

{¶18} We overrule the assignment of error.

### Manifest Weight of the Evidence

{¶19} Next, Justice argues that the conviction was contrary to the weight of the evidence because the sole evidence that the plate was registered to another vehicle was the testimony of Patrustie, and his testimony constituted inadmissible hearsay.

{¶20} In reviewing a manifest-weight challenge, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving

conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Id.* at 387.

**{¶21}** At trial, Patrustie testified, without objection, that he "ran [Justice's] license plate" multiple times while in his cruiser. According to the result of his searches, the license plate tag had expired on November 27, 2022, and the license plate was registered to a 2006 Lincoln station wagon, not Justice's Jeep. Patrustie testified that his search revealed that the plate on the vehicle was registered to an owner who lived in Loveland, Ohio. Patrustie did not bring the alleged system inquiry which reportedly showed that the license was registered to another vehicle. Patrustie's testimony was based solely on his recollection of the information he purportedly received from multiple, undocumented computer inquiries.

**{¶22}** Testimony as to the results of a computer inquiry "constitutes a textbook example of hearsay" in that Patrustie repeated an out-of-court statement generated by a computer inquiry, offered for the truth of the matter asserted. *See State v. Pelmear*, 6th Dist. Fulton Nos. F-21-003 and F-21-006, 2022-Ohio-1534, ¶ 44; *State v. Garrett*, 8th Dist. Cuyahoga Nos. 87112 and 87123, 2006-Ohio-6020, ¶ 17 (testimony based on an officer's recollection of computer data is inadmissible hearsay); *State v. Fink*, 12th Dist. Warren Nos. CA2008-10-118 and CA2008-10-119, 2009-Ohio-3538, ¶ 18 (officer's testimony based on information from police computer was inadmissible hearsay); *State v. Castillo*, 3d Dist. Henry No. 7-14-14, 2015-Ohio-2738, ¶ 31-32 (sheriff's testimony based on his recollection of computer generated information from an ambiguous database was inadmissible hearsay); *State v. Twomey*, 1st Dist. Hamilton Nos. C-830123 and C-830124, 1983 Ohio App. LEXIS 11757, 3 (December

21, 1983) (information that the officer testified that he obtained from a computer inquiry, regarding the status of defendant's driver's license, was inadmissible hearsay). Thus, the admission of Patrustie's testimony regarding the results of the computer inquiry rose to the level of plain error because the testimony was the only evidence supporting the conviction. *See Pelmear* at 44.

{¶23} Although Justice contends that the admission of the hearsay resulted in a conviction that was against the weight of the evidence, he is essentially arguing that "that there is no evidence to support his convictions, thus raising a claim that his convictions are based on insufficient evidence." *Id.* at ¶ 33. *See State v. Frum*, 9th Dist. Wayne No. 12CA0039, 2013-Ohio-1096, ¶ 4 ("[A] review of the weight of the evidence necessarily involves an evaluation of the sufficiency of the evidence in that, in order for this Court to weigh the evidence, there must be evidence to weigh.").

{¶24} However, we are required to consider all of the evidence admitted at trial, regardless of whether it was admitted erroneously, when reviewing claims based on the sufficiency or manifest weight of the evidence. *See State v. Fleming*, 2d Dist. Clark No. 2021-CA-40, 2022-Ohio-1876, ¶ 27, citing *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284; *State v. Lawson*, 2020-Ohio-6852, 164 N.E.3d 1130, ¶ 86 (2d Dist.); *State v. Rosales*, 2d Dist. Montgomery No. 27117, 2018-Ohio-197, ¶ 16, citing *State v. Johnson*, 2015-Ohio-5491, 55 N.E.3d 648, ¶ 95 (2d Dist.). Thus, even if the testimony was erroneously admitted, under our review, we must still consider it. *See State v. Benton*, 1st Dist. Hamilton Nos. C-130556, C-130557 and C-130558, 2014-Ohio-2163, ¶ 20; *State v. Borden*, 1st Dist. Hamilton No. C-140245, 2015-Ohio-333, ¶ 12. On the record presented to the court, we cannot say that the trial court clearly lost its way and created such a manifest miscarriage of justice that we

must reverse the conviction. *See Thompkins*, 78 Ohio St.3d at 386-387, 678 N.E.2d 541. The second assignment of error is overruled.

**{¶25}** In his second assignment of error, Justice argued that the admission of the hearsay testimony was plain error but presented the argument as an issue rather than a separate assignment of error. The state was afforded the opportunity to respond to this issue in its brief.

**{¶26}** "Generally, appellate courts rule on assignments of error only and do not address mere arguments." *State v. Green*, 11th Dist. Trumbull No. 2018-T-0063, 2019-Ohio-1303, ¶ 18; App.R. 12(A)(1)(B). "It is common, however, for an appellate court to take assignments of error from appellant's brief arguments rather than outright refuse to address the argument in the interest of justice." *Id*. at ¶ 19, citing *State v. Shook*, 4th Dist. Pike No. 13CA841, 2014-Ohio-3403 (although defendant's brief did not contain a separate statement of the assignments of error, rather than dismiss the appeal, the appellate court synthesized an assignment of error from the argument portion of the brief); *State v. Lawrence*, 11th Dist. Lake No. 2022-L-110, 2023-Ohio-3419, ¶ 46-47 (addressing an issue not properly raised as an assignment of error in the interests of justice); *Carter-Jones Lumber Co. v. Denune*, 132 Ohio App.3d 430, 725 N.E.2d 330 (10th Dist.1999) (addressing the merits because "the error assigned from the trial court's judgment is readily discernible from appellant's '[s]tatement of issues presented' "); *Germadnik v. Auld*, 11th Dist. Trumbull No. 2017-T-0113, 2018-Ohio-2889, ¶ 11 (although not properly briefed in a separate assignment of error, an issue raised by the appellant was considered because the appellee was afforded an opportunity to respond).

**{¶27}** In the interests of justice, we will address this argument and hold that the conviction must be reversed because the admission of Patrustie's testimony as to the results of his computer inquiry, the sole evidence supporting the conviction, was plain error. *See Pelmear*, 6th Dist. Fulton Nos. F-21-003 and F-21-006, 2022-Ohio-1534, at ¶ 44.

## Conclusion

**{¶28}** Accordingly, we reverse the judgment of the trial court and remand the cause to the trial court for a new trial consistent with this opinion with respect to the B charge and dismiss the appeal with respect to the A charge.

Judgment reversed in part and cause remanded; Appeal dismissed in part.

**CROUSE** and **KINSLEY, JJ.,** concur.

Please note:

The court has recorded its own entry this date.